### V. JORDAN ET AL. v. M. BROPHY ET AL.

1. JUDGMENT CONCLUSIVE.—Where the court is substituted for the jury, its decision upon the facts has the same conclusive effect as the verdict of the jury.
2. APPEAL.—In such cases, unless the judgment of the court is without evidence, it will not be reversed on appeal.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

*Breedlove & Ewing* and *Sayles & Bassetts*, for appellants.

*Giddings & Morris* and *Shepherd & Shepherd*, for appellees.

MOORE, ASSOCIATE JUSTICE.—At the June term, A. D. 1873, of the District Court for Washington county, the appellants propounded a testamentary paper for probate as the will of Margaret R. Jamison, deceased. The appellees appeared as contestants, and filed their objections, alleging that at the time said alleged will was made, and for a long time prior and subsequent thereto, the mind and mental faculties of said Margaret R. Jamison had become so impaired and enfeebled, by reason of old age and disease, that she was not then capable of making a will, or of legally disposing her property; and that said Jordan and wife, well knowing the same, took advantage of her impaired mental condition; and by means of threats, fraud, and undue influence over her, procured the execution of said instrument offered by them for probate as her will.

The answers of the contestants put in issue the testamentary capacity of Mrs. Jamison at the date of the will; and also, if she had sufficient capacity to make a will, whether the execution of the instrument offered for probate was procured by means which rendered it invalid. Upon these issues a large amount of conflicting testimony was submitted by the parties to a jury, who, failing to agree upon a verdict, by consent the cause was withdrawn from their further consideration, and submitted on the evidence as well as law to the determination of the court, by whom the probate of the instrument propounded was refused. No exception was taken to any ruling of the court during the progress of the trial; and as it is well settled, when the court is substituted for the jury, its decision upon the facts has the same conclusive effect as the verdict of the jury.

The only question for our consideration is, Does it appear from the record that the evidence before the court will not warrant the judgment? Unless we can say that it is without evidence to support it, we cannot interfere with it. (Bailey *v.* White, 13 Tex., 118; Gilliard *v.* Chessney, 13 Tex., 337; McFarland *v.* Hall, 17 Tex., 690.) This, after a careful examination of the record, we are unable to say.

The principles of law by which the questions presented to the court in this case are to be decided are well settled. The only controversy between the parties, or conflict in the authorities upon which they respectively rely, arises from the different conclusions which they insist should result from the application of these principles to the facts of this case, and the like difference which may be found in the conclusion of the courts to whose decisions we are cited in cases of analogous facts.

To comment upon the testimony would only result in exhibiting our conclusions from the application of these principles to the conflicting evidence contained in the record without any profitable result; for even if our conclusion should differ from that of the court below, under the set-

tled rule of decision of the court in such cases, as we have just said, we could not disturb the judgment.

There being no error in the judgment in this case, which can be considered by us, it is affirmed.

AFFIRMED.