## T. R. MATHIS ET AL. V. HENRY L. OBERTHIER.

1. CONFLICTING TESTIMONY. — In cases of conflicting evidence, and particularly in cases of fraud, the court will not reverse, unless for manifest error in law.

2. SAME.—In cases of conflicting testimony, the judgment of the court has the same conclusive effect as the verdict of the jury upon such testimony.

ERROR from Rusk. Tried below before the Hon. A. J. Booty.

The facts are given in the opinion, and in 40 Tex., 386, 387.

*W. W. Morris* and *Mathews & Mathews*, for plaintiff in error.

*Martin Casey* and *James H. Jones*, for defendant in error.

BONNER, ASSOCIATE JUSTICE.—This case, as originally instituted, was previously before this court, and reported as Catherine Harrison *v.* Henry Oberthier, 40 Tex., 385, and to which reference is made for the law and the facts as presented up to that time.

After its reversal the defendant Oberthier procured the deed of the plaintiff Catherine Harrison, conveying to him her interest in the land in controversy and releasing the rents; and also an agreement to have the case dismissed at her costs. The issues presented by the amended pleadings, filed after the cause was remanded, raised the question of fraud upon the part of the defendant in procuring this deed, release, and agreement. On the second trial a jury was waived, the cause submitted to the court, and a judgment rendered in favor of defendant Oberthier. The death of Catherine Harrison having been suggested, this second writ of error is prosecuted by the plaintiffs in error, T. R. and A. E. Mathis, as her legal representatives. The statement of facts is voluminous, and the testimony as to the alleged fraud very conflicting. There was abundant testimony upon which

to have rendered a judgment in favor of either party. Upon a careful examination of the record it appears to us that the whole question is resolved into one of disputed facts. In such cases, and particularly where the issue is one of alleged fraud, the judgment will not be disturbed unless for some manifest error of law. (Briscoe *v.* Bronaugh, 1 Tex., 340.) In the case of Jordan *v.* Brophy, 41 Tex., 284, where the issue, as here, was both the want of capacity and fraud, it is said, that "it is well settled, when the court is substituted for the jury, its decision upon the facts has the same conclusive effect as the verdict of the jury." And it is added, that "the only question for our consideration is, Does it appear from the record that the evidence before the court will not warrant the judgment? Unless we can say that it is without evidence to support it, we cannot interfere with it;"—citing several authorities.

In the language of Chief Justice Marshall, quoted in above case of Briscoe *v.* Bronaugh, "evidence which a court has heard may make an impression not always to be communicated by a statement of that evidence."

Under the practice and former decisions of this and other courts, whatever might have been our individual opinions had we presided below, as it does not appear that any error of law was committed, or that the judgment is clearly wrong, it is therefore affirmed.

Affirmed.