JAMES W. FLANAGAN V. BENJAMIN C. OBERTHIER.

1. FRAUDULENT CONVEYANCE.—A *bona-fide* purchaser of a legal title is not affected by any latent equity founded on fraud, trust, or otherwise, of which he had not notice.
2. FACT CASE—FRAUD.—See facts on which the court refuse to set aside a judgment sustaining a conveyance attacked for fraud.
3. JUDGMENT LIEN—STATUTE CONSTRUED.—The failure to cause a judgment to be reinscribed in the record of deeds, as prescribed in Paschal's Digest, art. 3963, was destructive of the lien under said statute.

APPEAL from Rusk. Tried below before the Hon. R. S. Walker, alternating with the Hon. A. J. Booty, district judge.

*Drury Field* and *Martin Casey*, for appellant.

I. The judgment is against the law and the evidence, because the conveyance from Walling to his wife was made to defraud the creditors of John S. Carithers, and because the defendant, by reasonable diligence, could have known the fraudulent purpose of Jesse Walling.

Barton's evidence shows that Jesse Walling made the conveyance to his wife for the purpose of defeating the collection of the debt due from Trammell, for which he was security, by the administrator of Carithers' estate, to whom the debt was due. The litigation for that debt was pending when Walling made the deed to his wife, when that deed was recorded in Rusk county, and afterwards when Mrs. Oberthier purchased from Walling and wife for her sons; and the judgment against Walling had been entered before she purchased. Neither Mrs. Oberthier nor the grantees in the deed from Walling and wife had actual notice of the fraudulent purpose of Walling and wife in making the deed from him to her.

These are the material facts in the case, and upon a proper application of the law governing these facts the right decision of the case depends, according to the best understanding of the appellant's counsel.

When a husband conveys land to his wife with the intent to defraud his creditors, she is presumed to know that intent, and by accepting the conveyance becomes a *particeps criminis.* (Castro *v.* Illies, 22 Tex., 503.)

II. It is not necessary that Mrs. Oberthier, when she purchased from Walling and wife, should have actual notice of their intention to visit her with legal fraud and set aside the conveyance to her sons. If she had a knowledge of such facts as were calculated to create a suspicion that such was the purpose of Walling and wife, and to put her on inquiry, if, in a word, she had reason to know and believe that such was their intention, it is sufficient to avoid the conveyance as to her as effectually as if she had known it. (Humphries *v.* Freeman, 22 Tex., 50; Mills *v.* Howeth, 19 Tex., 259; Wethered *v.* Boon, 17 Tex., 143; Cordova *v.* Hood, 17 Wall., 1.)

III. *Lis pendens* is notice at least of the nature and subject-matter of the suit, and of such facts as the suit would naturally suggest to one of ordinary reflection, as by prudent inquiry could be obtained. (Briscoe *v.* Bronaugh, 1 Tex., 326; Buford *v.* Rosenfield, 37 Tex., 42.)

IV. A deed to a married woman by onerous title for land makes that land community property, and it can make no difference whether the deed be made by her husband or any one else. Land thus acquired becomes liable to the debts of the husband. (Cooke *v.* Bremond, 27 Tex., 457.)

*James H. Jones,* for appellee.

BONNER, ASSOCIATE JUSTICE.—This is a suit of trespass to try title, brought by James W. Flanagan, as plaintiff, against Benjamin C. Oberthier, as defendant.

The material facts in the case are, subtantially, these:

On the 1st day of September, 1852, James H. Trammell, as principal, and Mark Stroud, William Moore, and Jesse Walling, as his sureties, executed to Lagrand, as administrator,

. of the estate of John S. Carithers, a promissory note for the
sum $18,724.45, due at twelve months.    On November 4,
1853, Lagrand, as such administrator, instituted suit on the
note, and on February 18, 1861, the death of Trammell hav-
ing been suggested, Samuel G. Swann, as administrator *de
bonis non* of said estate, and who had succeeded Lagrand,
recovered judgment against the other makers of the note for
the sum of $12,386.34, and which on appeal to the Supreme
Court was affirmed October 28, 1872.    The original judg-
ment in the District Court was recorded March 6, 1861.

On June 14, 1873, execution issued on the judgment as
affirmed for costs of suit, and on July 28, 1873, was levied
upon the land in controversy.    The same was sold under a
*venditioni exponas* on the first Tuesday in October, 1873, and
purchased by plaintiff, James W. Flanagan.    To prove a
common source of title, (to wit, the said Jesse Walling,)
plaintiff introduced, and which were also relied on by de-
fendant—

1. Deed from Jesse Walling to his wife, Ann Walling,
conveying this land, with other property, of date October 10,
1857, and recorded same day.

The testimony shows that the consideration of this deed
was the interest of Ann Walling in a league of land on the
Brazos River, and to which she at the same time made deed
to Jesse Walling.

2. Deed from Jesse and Ann Walling to Frederick, Moses,
and Benjamin C. Oberthier, the defendant, to the land in
controversy, of date April 10, 1863.

It is shown by the evidence that Sarah Oberthier, the
mother of the three last-named vendees, purchased the land
for them for a valuable consideration, they at the time being
absent east of the Mississippi River, without notice by her or
them of any alleged fraud in the conveyance from Jesse to
Ann Walling; that subsequently the defendant, Benjamin
C. Oberthier, purchased the other interest in the land, also
without any such notice; that he had made improvements

on the land to the value of $1,200, and had lived upon the same and paid the taxes thereon; that Jesse Walling died on August 4, 1867, leaving property estimated at from six to fifteen thousand dollars in value.

On the trial a jury was waived. Judgment was rendered in favor of the defendant Oberthier. Plaintiff appeals and assigns as error, substantially, that the judgment of the court was contrary to the law and the evidence, and should have been rendered for plaintiff, because the conveyance from Jesse to Ann Walling was made to defraud the estate of Carithers.

No question is made by appellant as to the lien of the judgment on the land, for the reason, doubtless, that if under the facts any such lien could have attached, the same, under the law then in force, had been lost by the failure to have the judgment reinscribed. (Paschal's Dig., art. 3963.)

The question of the intent with which the deed was made was one of fact, presented both by the pleading and the evidence.

Although such conveyance as the one now under consideration between husband and wife should be scrutinized more closely than those in the ordinary course of business, yet, in view of the facts that the transaction was not a secret one, that the land received from Mrs. Walling, so far as shown by the record, was subject to the judgment, and that the estate of Jesse Walling seems to have been solvent, we cannot say that the testimony developed such fraudulent circumstances as would override the general presumption in favor of fair dealing.

The same presumptions are indulged in favor of the judgment of the court on questions of fact, which obtain in support of the verdict of a jury; and as the determination of the question of fraud is one peculiarly within the province of a jury, we would not, irrespective of the question of want of notice of said alleged fraud on the part of the defendant, under repeated decisions of this court, feel author-

ized to disturb the verdict. (Jordan v. Brophy, 41 Tex., 284; Briscoe v. Bronaugh, 1 Tex., 340.)

The testimony, however, is positive that the defendant neither at the date of his first nor second purchase had notice of the alleged fraud, if any in fact existed; and the testimony, in our opinion, does not disclose such facts and circumstances as would put an ordinarily prudent man upon such inquiry as would amount to notice.

The principle is well settled that a *bona-fide* purchaser of a legal title is not affected by any latent equity founded on trust, fraud, or otherwise, of which he had not notice, actual or constructive.

There being no error in the judgment apparent of record, the same is accordingly affirmed.

AFFIRMED.