E. M. YORK v. L. LE GIERSE & CO.

(No. ——, Op. Book No. 2, p. 457.)

1 w 775
§ 1327
2 w 178

ERROR from Coryell County. Opinion by WALKER, A. S., J.

§ **1327.** *Trial of the right of property; assessed value of the goods.* The court was authorized, in the absence of other testimony as to the value of the goods in controversy, to take the appraisement made by the sheriff. [Gillian v. Henderson, 12 Tex. 48.]

§ **1328.** *Remittitur; effect of.* The gaining party is authorized to enter a *remittitur.* If done in the court below before appeal or error taken, it cures the judgment to that extent. It was not error in the court to notice and formally allow such *remittitur.* The right exists without action of the court thereon or notice to the adverse party. [Chrisman v. Davenport, 21 Tex. 483; Foster v. Van Norman, 1 Tex. 638; Pas. Dig. 52.]

§ **1329.** *Assignment to hinder and delay creditors.* Watkins, who executed the deed of assignment, stated on the witness stand: "I would not have made the deed of assignment at the time I did had it not been for said writ of attachment. I wanted to delay and hinder the execution of said writ of attachment in order to secure P. J. Willis & Bro. and League & Lufkin and others, as

preferred creditors." Of such a similar state of facts our own court has declared the legal effect. It is said, "the bare intention to hinder and delay creditors being present in the mind of the debtor in making the deed, is not sufficient to avoid it, . . . . If such intention, however, not only be present in the mind, but if it be the object and constitute a part of the cause for the execution of the deed, it will render it void." [Baldwin v. Peet, 22 Tex. 715.] There was the avowed object to hinder and delay creditors suing, and that known to the trustee to whom the assignment was made. [Pas. Dig. art. 3876.] Besides, where there is evidence to support the finding, the appellate court will not revise, the action of the court being entitled to the same presumption in its favor as a verdict. [Mathis v. Oberthier, 50 Tex. 329; Jordan v. Brophy, 41 Tex. 284.]

§ 1330. *Judgment; form of, in trials for right of property.* The form of the judgment is not in compliance with the statute. [Pas. Dig. art. 5316.] Instead of the legal consequences of failure to return the property within ten days, as declared in the judgment, that "the clerk shall forthwith issue execution against all of the obligors in said bond for the full penalty thereof," the statute prescribes merely that the bond shall have the force and effect of a judgment against all the obligors for the value of such property and interest. This result is declared by the statute; no re-enactment was necessary in the judgment. There can be but one satisfaction of the debt, to enforce the collection of which the proceedings exist; so that the limit in amount to be collected would be the original judgment, interest and costs, and the damages adjudged in the trial of the right of property proceedings and costs within the limits of the amount of the bond. The judgment directing the extent of the liability of the sureties was erroneous.