### J. O. Ross et al. v. Beaumont Brick Company et al.

Decided January 30, 1909.

**1.—Building Contract—Material-Man—Equitable Right to Fund.**

D. held a contract to build a sewer and pave certain streets in a city, and for such work purchased brick from B. D. abandoned the contract, and the right of B. being disputed by D., the city deducted from the amount due D. an amount equal to the amount of B.'s claim and retained possession of the same for the express purpose of discharging B.'s claim in the event it should be determined by suit that B. was entitled to it. In a contest between B. and other creditors of D. over the fund so reserved by the city, held, that the right of B. was superior.

**2.—Garnishment—Judgment Against Garnishee—Effect.**

Pleading and evidence considered, and held that a simple judgment against a city as garnishee did not vest in the plaintiff title to a particular fund in the possession of the garnishee belonging to the judgment debtor.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*Elliott Cage,* for appellant J. O. Ross.

*Wm. P. Molette* and *Robertson & Whitaker,* for appellee Beaumont Brick Co.

McMEANS, ASSOCIATE JUSTICE.—On May 23, 1903, H. W. Downey & Co., a firm composed of H. W. Downey and George B. Kelly, entered into two contracts with the city of Beaumont, one for the construction of sewers and the other for paving certain streets, wherein it was agreed that Downey & Co. should be paid for the work as it progressed upon estimates made by the city engineer, fifteen percent of the amount due upon each estimate to be retained by the city to insure final completion in accordance with the specifications; and upon final settlement a sufficient amount should be reserved by the city out of any balance due on the contract to pay any outstanding claims against the contractor for labor or materials used in the work. On June 1, 1903, H. Masterson entered into a contract with Downey & Co., the exact nature of which need not be stated further than to say that by its terms it was agreed that Masterson should receive certain profits growing out of the execution of the contract and that the effect of said contract was to make Masterson a partner in the firm of Downey & Co. in the execution of said contracts. See Kelley Island, etc., Co. v. Masterson, 100 Texas, 38. During the month of August, 1903, Downey & Co. purchased from the Texas & Pacific Coal Company certain brick to be used and which were used in the construction of the work, amounting in value to more than $4,000, and after certain payments had been made there remained due to the Coal Company the sum of $2,523.30. This amount was transferred and assigned by the Coal Company to J. O. Ross on January 24, 1904.

On or before September 30, 1903, Downey & Co. purchased certain brick from the Beaumont Brick Company which were also used in the construction of the work, upon which, after certain credits were applied, Downey & Co. owed to the Brick Company $838.49. Subsequent to these purchases. Downey & Co. assigned their contract with the city to H. Masterson, who thereupon entered into a new contract with the city, by the terms of which he agreed to complete the work undertaken by Downey & Co. in accordance with their contract, and it was further stipulated that the "Party of the second part (Masterson) agrees and binds himself to complete in all its parts the sewerage contract entered into between the city of Beaumont and H. W. Downey & Company, upon the same terms and conditions and within the same time and for the same price as provided in said contract, and the party of the first part (city) agrees and binds itself to pay to the party of the second part for said work the price stipulated in the bid of H. W. Downey & Company, and at the time and in the manner provided in the specifications for said work attached to said contracts all the terms, conditions and stipulations in said contract to be binding upon the parties hereto."

After certain work was completed by Masterson under his contract he was released by the city from further performance. Pending final settlement the Beaumont Brick Company and the Land Brick Company, which had also sold brick to the contractors for the construction of the work, appeared before the city council and requested that a sufficient sum of money be withheld to pay their claims. Masterson made no ·objection to the claim of the Land Brick Company, but, claiming to be the owner of the fund, he did object to any of it being applied to the payment of the claim of the Beaumont Brick Company. The city council, after hearing both sides, adopted a resolution to withhold for the Beaumont Brick Company, out of the balance due Masterson, a sum sufficient to pay its claim, subject to the result of litigation between said company and Masterson, and said amount being accordingly withheld for the Brick Company, this suit resulted. The aggregate amount of claim of the Land Brick Company and the Beaumont Brick Company was $2,086.49 which is the same amount for which Ross recovered judgment against the city of Beaumont in the garnishment proceeding hereinafter referred to.

On February 8, 1904, Ross filed suit in the District Court of Harris County against Downey's administrator and George B. Kelly, surviving partner in the firm of H. W. Downey & Co., praying for judgment for the amount of his claim, and joining Masterson as defendant on an allegation that he was secondarily liable and, alleging that the city of Beaumont was indebted to Downey & Co., sued out a writ of garnishment against said city, which was duly served. The city having failed to answer voluntarily, Ross sued out a commission, under which the city made answer showing an indebtedness by it to Downey & Co., on said contracts, of $2,086.49. Afterward judgment was rendered in favor of Ross against the estate of Downey and against Kelly for $2,523.30, and against the city of Beaumont, as garnishee, for the sum of $2,086.49. Judgment was against Ross as to said Masterson. This judgment was not appealed from.

On November 3, 1903, appellee Beaumont Brick Company filed this suit against the city of Beaumont and H. W. Downey and George B. Kelly, composing the firm of H. W. Downey & Co., setting up its claim for $838.49 for brick supplied to Downey & Co. for use in carrying out the contracts with the city, alleging the provisions of the contracts which authorized the city to withhold fifteen percent of the monthly estimates during the construction of the work, and claiming that said provisions were made for the benefit of the creditors of Downey & Co.; that plaintiff had no materialman's lien on the improvements; that Downey & Co. were insolvent, and that unless plaintiff secured an equitable lien against the funds in the hands of the city on the money to become due to H. W. Downey & Co. on other estimates, plaintiff would be defeated in the collection of its debt. Downey died without service of citation having been had on him, and the court authorized plaintiff to proceed against Kelly as surviving partner, and Kelly's residence then being unknown, service was had upon him by publication.

On February 18, 1907, the city of Beaumont filed its amended petition in which it alleged that in October, 1903, H. W. Downey & Co.

abandoned the work under said contracts and assigned same to H. Masterson, and that said Masterson proceeded with the work until released from further performance thereof by mutual agreement between himself and the city, and that the city was still indebted to Masterson on account of work performed by him under said contracts, in a sum equal to the principal amount of the account sued on by plaintiff; that said Masterson by virtue of said assignment of said contracts to him and the work done by him thereunder, or on some other grounds, was claiming and asserting ownership to the sum still due by the city on said contracts, and in the amount sued for. The city further answered that J. O. Ross was also claiming the said sum of money by reason of holding unpaid claims for material furnished Downey & Co. and used in said work, and that he was also claiming said fund by reason of the judgment rendered in his favor against the city in the garnishment proceeding above referred to, and prayed that both Masterson and Ross be made parties, and that the rights of all of the parties in and to the amount due by the city on the contracts be adjudicated between them, etc.

On March 2, 1907, Ross filed his answer and cross-bill to the bill of interpleader of the city, alleging that he was entitled to the sum of money owing by the city on the contracts, for two reasons: first, because of his judgment against the city in the garnishment proceeding in the District Court of Harris County; and second, because of his ownership of the claim for brick sold to Downey & Co. by the Texas & Pacific Coal Company, amounting to $2,523.50; and he prayed that the city be required to pay over to him the money received by it on the monthly estimates of work done under the contracts, to the exclusion of and in preference to the claim of the Beaumont Brick Company.

On September 27, 1907, the Beaumont Brick Company again amended, reiterating the allegations of its former pleadings, and made H. Masterson a party as partner in the firm of H. W. Downey & Co. It further alleged that the city had agreed with it "to withhold funds that were due Downey & Co. on said contract, sufficient to meet and pay plaintiff's debt, as said city was authorized to do; and that said city did withhold same and now retains the same in its possession," and prayed judgment against the city and also against Masterson individually and as a member of said firm.

On October 14, 1907, Masterson answered, denying under oath his alleged partnership with H. W. Downey and George B. Kelly, and further pleaded that if by virtue of his contracts with Downey & Co. he became a partner in law, then the cause of action against him personally, as one of such forced partners, was barred by the statute of limitations of two and four years. Masterson, by an amendment filed December 9, 1907, in addition to reiterating the allegations of his original answer, further alleged that the city was not due to H. W. Downey & Co. any sum whatever, but owed him individually all sums for the construction of improvements made under said contracts, because he was the owner of said contracts as assignee of Downey & Co., and that all money earned thereunder belonged to him, in that "all

that is now due by said city for said work accrued after he became the substitute contractor with the said city."

A general demurrer interposed by the Beaumont Brick Company to the answer and cross-bill of Ross was sustained and he was dismissed from the case.

On trial before a jury of the issues joined between the other parties, the court, after the introduction of evidence, instructed the jury to return a verdict in favor of the Beaumont Brick Company, which was done, and judgment was thereupon rendered in favor of said company and against H. W. Downey & Co., and against the city of Beaumont for the amount sued for and interest thereon, amounting to $1,035.60. Ross, Masterson and Downey & Co. have appealed.

It would serve no useful purpose to discuss in detail the assignments of error presented by appellants. We think that inasmuch as the amount sued for by the Beaumont Brick Company was withheld by the city to pay the claim of said company under the provisions of the contracts authorizing it on final settlement to retain such a sum as might appear necessary to satisfy unpaid claims for labor and materials furnished for the work, that the right of the Beaumont Brick Company thereto was superior to that of Ross and all others, unless it should be shown that Masterson was the owner of the fund and entitled, as against said company, to have it paid to him. The judgment in favor of Ross in the garnishment proceeding did not vest in Ross the title to this particular fund; and as the city had appropriated it to the payment of claims of the Beaumont Brick Company, as it had the right to do under the provisions of the contracts subject to the right of Masterson to show his superior right thereto, the court did not err in sustaining the general demurrer to Ross's cross-bill and dismissing him from the suit. Whether the judgment against the city and in favor of Ross in the garnishment proceeding is valid it is not necessary for us to decide; and if it is valid he still has judgment, and is entitled to enforce the same against the city in a proper manner, regardless of the disposition made by the city of the funds due under said contract.

The jury found that the claim of the Beaumont Brick Company against Masterson personally and as a partner in said firm was barred by the statute of limitations, and judgment was accordingly rendered that plaintiff take nothing against him in his individual capacity by its suit. The effect of the judgment is to deny to Masterson a recovery of the fund which was withheld by the city in its final settlement with him. Whether this is correct depends on whether the fund so withheld accrued before or after the date of the contract made by Masterson with the city. On this point the evidence is rather unsatisfactory, but rather leads to the conclusion that the funds withheld accrued after the Masterson contract was signed. If it is a fact that this fund accrued while Downey & Co. were performing the work under the first contract, then the judgment is undoubtedly correct; but if subsequent to the time that Masterson assumed the contracts of Downey & Co., and executed a new contract with the city, then the funds accruing belonged to Masterson individually, and plaintiff's claim against him

being barred by the statute of limitations, his right of recovery, in such case, is undoubted.

The judgment of the court below as to H. W. Downey & Co. and J. O. Ross is affirmed, and reversed and remanded as to H. Masterson and the city of Beaumont.

*Affirmed in part; reversed and remanded in part.*